UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
147-149 McCARREN, LLC,                                      :
                                                            :
                        Plaintiff,          :   **MEMORANDUM DECISION**
                                                            :   **AND ORDER**
       -against-                                        :
                                                            :   21-cv-950 (BMC)
HOLDING DE GESTION TURISTICA MIJ                            :
SPAIN S.L.,                                                 :
                                                            :
                        Defendant.          :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff asserts state-law claims for breach of contract, contending that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(2). That provision covers controversies between "citizens of a State and citizens or subjects of a foreign state." Because plaintiff has repeatedly failed to establish diversity jurisdiction under this provision, this case is dismissed.

      It is well-established that a court has "an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006). The party invoking federal jurisdiction "bears the burden of demonstrating that grounds for diversity exist and that diversity is complete." Tagger v. Strauss Grp. Ltd., No. 18-cv-2923, 2018 WL 4356725, at *3 (E.D.N.Y. Sept. 12, 2018) (quotation omitted), aff'd, 951 F.3d 124 (2d Cir. 2020). "Complete diversity" means that "all plaintiffs must be citizens of states diverse from those of all defendants." Raymond Loubier Irrevocable Tr. v. Loubier, 858 F.3d 719, 725 (2d Cir. 2017) (quotation omitted).

      Although "a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business," an LLC "takes the citizenship of each of its

members." Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 48 (2d Cir. 2012).  Thus, "an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." Brown v. Diversified Maint. Sys., LLC, No. 16-cv-230, 2016 WL 3207712, at *2 (W.D.N.Y. June 10, 2016) (quoting Thomas v. Guardsmark, LLC, 487 F.3d 531, 533–34 (7th Cir. 2007)).  As I have previously explained:

> [I]f any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC.  In the absence of such information, all that plaintiff has alleged are conclusions without the facts to support them.

U.S. Liab. Ins. Co. v. M Remodeling Corp., 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020).  After all, an "averment of jurisdiction" must "state expressly the fact on which jurisdiction depends," for "[i]t is not sufficient that jurisdiction may be inferred, argumentatively, from its averments." Veras v. Sirawan Transp., Inc., No. 20-cv-5122, 2020 WL 6826256, at *1 (E.D.N.Y. Nov. 20, 2020) (quoting Brown v. Keene, 33 U.S. 112, 114 (1834)).

Plaintiff has continually fallen short of this standard.  First, the original complaint alleged only (1) that plaintiff is an LLC organized under New York law with a principal place of business in New York and (2) that, upon information and belief, defendant is an LLC organized under Spanish law with a principal place of business in Spain.  Noting that an LLC takes the citizenship of its members, I ordered plaintiff to show cause why the case should not be dismissed for failure to invoke the Court's diversity jurisdiction.

Plaintiff then filed a response along with a proposed amended complaint.  The amendments focused exclusively on defendant.  They explained that defendant was not an LLC, but a "sociedad limitada" organized under Spanish law.  This entity, plaintiff argued, was akin to

2

a corporation for diversity purposes. Yet plaintiff never specified the citizenship of *its own* members. I pointed this out in an order, stating that "the proposed amended complaint still fails to allege the identity and citizenship of [plaintiff's] members." I then offered plaintiff another chance to remedy this jurisdictional deficiency.

Plaintiff then filed a slightly different amended complaint, which is now before me. This amended complaint again emphasizes plaintiff's principal place of business and its state of organization. It also adds the following allegations:

> Plaintiff is a citizen of the United States. Plaintiff is wholly owned by 147-149 McCarren Investors LLC, a domestic limited liability company duly formed and organized pursuant to the Limited Liability Company Law of the State of Delaware.
>
> 147-149 McCarren Investors LLC is a citizen of the United States insofar as its managing member is 147-149 McCarren Manager LLC, a domestic limited liability company duly formed and organized pursuant to the Limited Liability Company Law of the State of Delaware. The remaining members of 147-149 McCarren Investors LLC's are comprised ultimately of fourteen (14) individuals, each of which is a citizen of the United States, none of which is a citizen of Spain, and none reside in Spain. Of these fourteen (14) individuals, thirteen (13) are residents of the State of New York and one (1) resides in the State of California.
>
> 147-149 McCarren Manager LLC is comprised of two (2) individuals, each of which is a citizen of the United States. None of 147-149 McCarren Manager LLC's individual members is a citizen of Spain and none reside in Spain. Both of 147-149 McCarren Manager LLC's individual members reside in the State of New York.

Plaintiff then alleges that defendant is an "incorporated foreign business entity" organized under Spanish law with a principal place of business in Barcelona.

These new allegations have failed to fix two fundamental problems. First, plaintiff has not specifically alleged the identity of each of its members. See U.S. Liab. Ins. Co., 444 F. Supp. 3d at 410. The fact that plaintiff is "wholly owned" by another LLC does not clarify whether that LLC is plaintiff's only member. And the fact that fourteen individuals are "ultimately" that LLC's members does not clarify who else is a member of that LLC. The Court specifically

3

instructed plaintiff to identify its members, and this information is surely within plaintiff's knowledge. The logical inference is that plaintiff does not wish to disclose its members' identities. If this is so, the case belongs in state court. See Brown, 2016 WL 3207712, at *4 (collecting cases to show that an LLC's attempt to avail itself of a federal forum while keeping its membership confidential "is not well taken").

Second, the amended complaint addresses each member's residence, not citizenship. "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." Prospect Funding Holdings, LLC v. Fennell, No. 15-cv-4176, 2015 WL 4477120, at *3 (S.D.N.Y. July 15, 2015) (quotation omitted). "Domicile" is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Finnegan v. Long Island Power Auth., 409 F. Supp. 3d 91, 96 (E.D.N.Y. 2019) (quotation omitted). Thus, "a party can reside in one place and be domiciled in another." Id. (quotation omitted).

This case offers an example. If one of plaintiff's members were a foreign citizen temporarily residing in New York, that member would not be a "citizen" of New York for diversity purposes. See Tagger, 2018 WL 4356725, at *4. Instead, that member would be an "alien," and he or she would destroy diversity in this case. See id. (dismissing diversity action between an Israeli corporation and an Israeli citizen who was a lawful permanent resident living in New York). Because plaintiff has left open this possibility, the allegations do not establish diversity jurisdiction. See Prospect Funding Holdings, 2015 WL 4477120, at *1.

I need not give plaintiff another chance. "It is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a

4

federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear." Brown, 2016 WL 3207712, at *4 (alteration adopted) (quotation omitted). Therefore, the complaint is dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       March 9, 2021